UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE BLAS UMANA DIAZ, on behalf of himself,
FLSA Collective Plaintiffs and the Class Members,

                          Plaintiffs,                         Docket No.: 19-cv-6050

                         -against-                         **FLSA COLLECTIVE ACTION COMPLAINT**

WEINSTEIN LANDSCAPING and                       Jury Trial Demanded
MARK WEINSTEIN,
                         Defendants,

-------------------------------------------------------------------X

Plaintiff JOSE BLAS UMANA DIAZ (hereinafter, "Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, PERVEZ & REHMAN, P.C., files this Class and Collective Action Complaint against Defendants, WEINSTEIN LANDSCAPING and MARK WEINSTEIN (collectively, the "Defendants"), and states as follows:

## **INTRODUCTION**

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et. Seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked in excess of ten (10) hours; (4) failure to issue

wage statements; (5) liquidated damages; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the Complaint took place in this judicial district.

## PARTIES

5. Plaintiff, JOSE BLAS UMANA DIAZ, is a resident of Suffolk County, New York.

6. Upon information and belief, Defendant WEINSTEIN LANDSCAPING is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 51 Cherry Avenue, West Sayville, NY 11796.

7. Upon information and belief, Defendant MARK WEINSTEIN (hereinafter, "MARK"), is the owner and officer, director, shareholder, manager, and proprietor of WEINSTEIN LANDSCAPING and, who actively participated and continues to actively participate in the day-to-day operations of WEINSTEIN LANDSCAPING, and acted intentionally and maliciously and is employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with WEINSTEIN LANDSCAPING.

8. At all relevant times, WEINSTEIN LANDSCAPING was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees

2

engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

9. Defendants MARK WEINSTEIN and WEINSTEIN LANDSCAPING employed Plaintiff, DIAZ, in Suffolk County, New York, to work as a landscaper as well as for snow removal during the winter months, for Defendants' business beginning in or around October 2003 through late August 2019.

10. The work performed by Plaintiff was directly essential to the business operated by Defendants.

11. Defendants knowingly and willfully failed to pay Plaintiff's minimum wages and his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

12. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

13. Defendants knowingly and willfully failed to allow Plaintiff to take lawful breaks.

14. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

15. Throughout all times relevant to this action, Defendants hired Plaintiff as an employee to operate as a landscaper and snow removal worker to participate in the day-to-day operation of Defendant's business.

16. Defendants employed Plaintiff DIAZ, in Suffolk County, New York, during the relevant time period, beginning in or around 2013 through late April 2019.

17. Plaintiff DIAZ's duties included, but were not limited to: mowing and cutting lawns, spring cleaning, leaf-blowing, weed-wacking, hedging and trimming, planting, plant removal and

replanting, weed removal, dirt removal/leveling via bobcat, and street snow removal during winter months.

18. During the entirety of Plaintiff DIAZ's employment, Plaintiff worked an average of sixty (60) hours per week.

19. Throughout Plaintiff's employment, he worked as a landscaper approximately six (6) to seven (7) days per week. Additionally, he operated as a snow removal worker as needed during the winter months.

20. Plaintiff DIAZ during all relevant time periods frequently worked form seven (7) a.m. until five (5:00) p.m. from Monday through Saturday performing landscaping work for the Defendants.

21. Additionally, throughout the winter months during snowfalls, Plaintiff worked for Defendants to remove snow from the streets whenever necessary.

22. In 2015 and 2016, Plaintiff DIAZ was paid $175.00 per day flat rate for all hours worked. In 2017, Plaintiff DIAZ was paid $185.00 per day flat rate for all hours worked. In 2019, Plaintiff DIAZ was paid $200.00 per day flat rate for all hours worked.

23. During the entirety of Plaintiff DIAZ's employment, he was not paid overtime compensation. Work performed above forty (40) hours per week was not paid at the statutory rate of "time and one-half" as required by state and federal law.

24. Additionally, Plaintiff DIAZ was not provided adequate and lawful breaks while employed by the Defendants.

25. Upon information and belief, the town of West Sayville contracted with Defendants' company for snow removal services. Throughout the winter months of December, January, February, and MARKh, during snowfalls, Plaintiff worked to remove snow from the streets both during

and after the storms. During these shifts, Plaintiff operated a commercial vehicle and received no breaks. This is a violation of the agreements with the Town as well as of state laws.

26. As a result of Defendant, MARK WEINSTEIN and WEINSTEIN LANDSCAPING's, failure to compensate the Plaintiff for his overtime work, Plaintiff is owed wages which remain unpaid to date.

27. Plaintiff, and those similarly situated, were not required or instructed to clock in or clock out.

28. Moreover, Defendants did not comply with the NYLL's wage statement and wage notice provisions. Defendants did not issue wage notices to employees as required by law. Accordingly, MARK WEINSTEIN and WEINSTEIN LANDSCAPING are liable for damages for each employee pursuant to NYLL § 198.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this action individually and as a class representative Plaintiff on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since 2013, to the entry of judgment in this case (the "Collective Action Period"), and who failed to receive minimum wages or overtime compensation at the rate of time and one-half for all hours worked in excess of forty (40) per week (the "Collective Action Members").

30. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom

would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

31. Plaintiff DIAZ will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff DIAZ has no interests that are contrary to or in conflict with those members of this collective action.

32. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members who are not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

33. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

34. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

35. Questions of law and fact common to the members of the collective action predominate over

questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d. Whether the Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in violation of the FLSA;

    e. Whether the Defendants unlawfully failed to pay Plaintiff and the Collective Action Members overtime compensation at the statutory rate of time and one-half for all hours worked in excess of forty (40) per week in violation of the FLSA;

    f. Whether the Defendants' violations of the FLSA are defined as willful within the context of the FLSA; and,

    g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to: compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

36. Plaintiff knows of no difficulty that will be encountered in management of this litigation that would preclude its maintenance as a collective action.

37. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

38. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

39. All said persons, including Plaintiff are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the position held, and the rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under FRCP 23.

40. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. Although the precise number of such persons is unknown, because the facts on which the calculation of that number rests are presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class.

41. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member

of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

42. Plaintiff DIAZ is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

43. A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a Class Action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a Class Action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a Class Action would result in a significant saving of

these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications. With respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to fashion methods to efficiently manage this as a Class Action.

44. Defendants and other employees throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class Actions provide Class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

45. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendant did not pay the Class members properly;

    c. At what common rate, or rates subject to common methods of calculation, was

    and are Defendants required to pay the Class Members for their works;

d. Whether Defendants provided Plaintiff and the Class with a spread time premium as required by NYLL; and

e. Whether Defendants properly notified Plaintiff and the Class Members of their hourly rate and overtime rate.

## STATEMENT OF CLAIM

### COUNT I

### [Violation of the Fair Labor Standards Act]

46. Plaintiff re-alleges and re-aver each and every allegation and statement contained in paragraphs "1" through "45" of this Complaint as if fully set forth herein.

47. At all relevant times, upon information and belief, Defendants are and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

49. At all relevant times, Defendants MARK WEINSTEIN and WEINSTEIN LANDSCAPING had gross revenues excess of $500,000.

50. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wages to Plaintiff and other similarly situated employees.

51. Plaintiff was entitled to be paid at the statutory rate of "time and one-half" for all hours

worked in excess of the maximum hours provided for in the FLSA.

52. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

53. At all relevant times, Defendants have, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of "time and one-half" to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(l) and 215(a). Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

54. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, the Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.,* including 29 U.S.C. §§ 21 l (c) and 215(a).

55. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

56. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

57. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered

damages consisting of unpaid minimum wages, overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

58. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

59. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "58" of this Complaint as if fully set forth herein.

60. At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

61. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

62. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than time and one-half for each hour worked in excess of forty (40) hours in a workweek.

63. Defendants knowingly and willfully violated Plaintiff, Collective Plaintiffs and Class Members rights by failing to pay Plaintiff's "spread of hours" premium for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations § 142.2-4.

64. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 142-2.7.

65. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll

records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

66. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid wages, unpaid overtime compensation, unpaid "spread of hours" premium for each day they worked in excess of ten (10) hours, failure to issue wage statements, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

67. Plaintiff is entitled to liquidated damages pursuant to New York Labor Law § 663(1).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff on behalf of himself, and FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs and Class Members;

(c) A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States, FLSA and New York State laws;

(d) All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for the Defendants' unlawful payment practices including unpaid wages, minimum wages, overtime wages, spread of hours compensation among those alleged herein;

(e) Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

(f) Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, other costs, and an award of a service payment to Plaintiffs;

(g) Pre-judgment and post-judgment interest, as provided by law;

(h) Costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated:  Melville, New York
        October 28, 2019

By: _____

Aneeba Rehman
Nadia M. Pervez
*Attorneys for Plaintiff*
Pervez & Rehman, P.C.
68 South Service Road
Suite 100
Melville, NY 11747
Tel: (631) 427-0700
arehman@pervezrehman.com
npervez@pervezrehman.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE BLAS UMANA DIAZ, on behalf of himself,
FLSA Collective Plaintiffs and the Class Members,

                         Plaintiff,

-against-                                    **VERIFICATION**

WEINSTEIN LANDSCAPING, and
MARC WEINSTEIN,
                Defendants,
-------------------------------------------------------------------X

STATE OF NEW YORK )
                      ss.:
COUNTY OF        )

I, JOSE BLAS UMANA DIAZ, am a Plaintiff in the within action for. I have read the foregoing Complaint and know the contents thereof. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

                                                  _____
                                                  JOSE BLAS UMANA DIAZ

Sworn to before me on this 30th day
of September, 2019.

_____
Notary Public

                      URSULA RODRIGUEZ
             Notary Public, State of New York
                  No. 01RO6276375
               Qualified in Suffolk County
            Commission Expires 02/19/2021

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

I, JOSE BLAS UMANA DIAZ, am an employee formerly employed by MARC WEINSTEIN and WEINSTEIN LANDSCAPING. I consent to be a Plaintiff in the above-captioned action to collect unpaid minimum wages and overtime pay.

Dated: Melville, New York
September 30, 2019

_____
JOSE BLAS UMANA DIAZ

Sworn to before me on this 30th day of September, 2019.

_____
Notary Public

URSULA RODRIGUEZ
Notary Public, State of New York
No. 01RO6276375
Qualified in Suffolk County
Commission Expires 02/19/2021