FILED
CLERK

11:53 am, Mar 16, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X  For Online Publication Only

JOSE BLAS UMANA DIAZ, on behalf of himself,
FLSA Collective Plaintiffs and the Class Members,

                               Plaintiffs,

        -against-                                     **ORDER**
                                                             19-CV-06050 (JMA) (ST)

WEINSTEIN LANDSCAPING and MARK
WEINSTEIN,

                              Defendants.
-------------------------------------------------------------------------X
**AZRACK, United States District Judge:**

On October 28, 2019, Plaintiff Jose Blas Umana Diaz ("Plaintiff"), on behalf of himself and others similarly situated ("Prospective Plaintiffs"), commenced this action against Defendants Weinstein Landscaping and Mark Weinstein (together, "Defendants") alleging violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). On February 10, 2021, Plaintiff filed a motion for: (1) conditional certification of this case as a collective action under the FLSA; (2) Defendants to produce data containing Prospective Plaintiffs' name and relevant information to send the Court Authorized Notice; and (3) equitable tolling of the statute of limitations on Prospective Plaintiffs' claims. (ECF No. 22.)

On February 28, 2022, Magistrate Judge Tiscione issued an R&R recommending that Plaintiff's motion for conditional certification, to authorize notice to the conditional collective, and for equitable tolling be granted. (ECF No. 31.) Specifically, Judge Tiscione recommended that Plaintiff's motion for conditional certification of a conditional collective of laborers who Defendants employed from October 28, 2016 be granted, that the notice and opt-in consent forms be amended and notice be sent to Prospective Plaintiffs in accordance with Judge Tiscione's

1

recommendations.

In reviewing a magistrate judge's report and recommendation, the court must "make a <u>de novo</u> determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); <u>see</u> <u>also</u> <u>Brown v. Ebert</u>, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. <u>See</u> <u>Pall Corp. v. Entegris, Inc.</u>, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

To date, no objections have been filed to the R&R and the deadline for filing any such objections has passed.

I have reviewed Judge Tiscione's R&R for clear error, and finding none, I adopt the R&R in its entirety as the opinion of this Court.

**SO ORDERED.**

Dated: March 16, 2022
Central Islip, New York

                    /s/ (JMA)
                    JOAN M. AZRACK
                    UNITED STATES DISTRICT JUDGE